IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARVIN DANIEL TULLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-162(MTT) |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends remanding the Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 10). The Commissioner has filed an objection to the Recommendation. (Doc. 11). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Commissioner's objection and has made a de novo determination of the portions of the Recommendation to which the Commissioner objects.

The Plaintiff, a veteran of the United States Navy, received a 100% disability rating from the Department of Veterans Affairs ("VA"). (Docs. 6-2 at 29, 54; 10 at 3). Social Security Administration ("SSA") regulations, however, provide that "a decision by any nongovernmental or governmental agency concerning whether an individual is disabled, based on that agency's own rules, does not constitute an SSA decision regarding whether that individual is disabled." *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (citing 20 C.F.R. § 404.1504). "Instead, the

Commissioner must 'make a disability ... determination based on social security law.'" *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779 (11th Cir. 2015) (alteration in original) (quoting 20 C.F.R. § 404.1504).  But while VA disability ratings are not binding on the ALJ, "such ratings should be considered and 'given great weight.'" *Id.* (quoting *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984)).  An ALJ need not expressly state that she gave "great weight" to the VA disability rating but may implicitly make that determination.  *See, e.g.*, *Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 856-57 (11th Cir. 2013); *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009).  Moreover, an ALJ should "consider and address the VA's Rating Decision itself," not just the VA medical records.  *Williams v. Barnhart*, 180 F. App'x 902, 902 (11th Cir. 2006).

The ALJ discussed the VA disability ratings twice in her decision.  First, she acknowledged that "[a]t the hearing, the [Plaintiff] reported he received 100% VA Disability in 2012," and she elaborated:

> His service connection rated disabilities included the following: paralysis of sciatic nerve (40%), paralysis of sciatic nerve (40%), degenerative arthritis of the spine (40%), migraine headaches (30%), paralysis of ulnar nerve (30%), paralysis of ulnar nerve (20%), limited flexion of knee (20%), degenerative arthritis of the spine (20%), tendon inflammation (10%), limited motion of ankle (10%), limited motion of the jaw (10%), residuals of foot injury (10%), limited flexion of knee (10%), residuals of foot injury (10%), limited motion of ankle (10%), tinnitus (10%), superficial scars (10%), scars (0%)[,] scars (0%), stricture of the urethra (0%), and dermatophytosis (0%).  The undersigned notes that despite a finding of 100% disability by the Veteran's Affairs Administration, Social Security was not bound by the same rules and regulations when determining disability.

(Doc. 6-2 at 29).

The second time the ALJ discussed the VA disability ratings was at the conclusion of her analysis:

> At the hearing, the claimant reported that he became 100% service connected disabled by the VA in 2012. The undersigned notes that some of the impairments alleged by the claimant are very recent. Additionally, the record did not indicate that any surgery had been recommended for the claimant's conditions and he was encouraged to go to physical therapy and exercise. Indeed, there are references in the medical records that suggest the claimant was actively running or exercising. As for his mental impairments, he has received minimal mental health treatment. In sum, the objective medical evidence of record does not reveal significant functional limitations that would preclude the claimant from performing all work.

(Doc. 6-2 at 34).

The Magistrate Judge concluded that the ALJ's second discussion "did not specifically address any factors or reasons that detracted from the [VA's disability finding] or clarify the weight given to the determination." (Doc. 10 at 35). "Because the ALJ merely stated that the VA rating was not binding due to the different standards," the Magistrate Judge also concluded that he could not "determine that the ALJ gave sufficient consideration to the VA rating." (Doc. 10 at 37-38). The Magistrate Judge distinguished this case from others where the ALJ sufficiently accounted for the VA rating by noting that "the ALJ here did not continuously refer to the VA rating throughout her decision or provide any specific detail regarding her consideration of the VA rating." (Doc. 10 at 37). Finally, the Magistrate Judge concluded that he could not "tell what weight, if any, the ALJ gave to the various VA disability ratings for each impairment." (Doc. 10 at 38).

The Commissioner objects to the Magistrate Judge's conclusion that "the ALJ did not sufficiently articulate the weight given to a [VA] disability rating." (Doc. 11 at 1). The Commissioner argues the ALJ sufficiently explained the consideration given to the "VA rating" in three ways: (1) explaining "that the VA disability rating was inconsistent with

Plaintiff's conservative treatment for his physical and mental impairments," (2) noting "that the VA disability rating was inconsistent with Plaintiff's daily activities," and (3) noting "generally that objective evidence was not consistent with the VA disability rating" and discussing the evidence in detail. (Doc. 11 at 3-4). The Commissioner does not address or object to the Magistrate Judge's conclusion that he could not tell if the ALJ gave any weight to the VA disability ratings for each of the Plaintiff's impairments.

Although the ALJ's second reference to the VA disability ratings acknowledged the Plaintiff's "report" of a 100% service connected disability, the ALJ did not appear to address the VA's actual rating decision, and she clearly did not discuss the specific ratings determinations by the VA. (Docs. 6-2 at 26-34; 6-8 at 43-50). Rather, she noted that the Plaintiff is alleging more recent, apparently additional, impairments. It is not clear if the ALJ meant to suggest more recent claimed impairments undercut the VA's determination that impairments of earlier onset warranted a 100% disability rating and, if she did, why this would be the case. Next, the ALJ said that no "surgery had been recommended for the [Plaintiff's] conditions and he was encouraged to go to physical therapy and exercise[, and] there are references in the medical records that suggest [he] was actively running or exercising." (Doc. 6-2 at 34). While this suggests that the ALJ generally disagreed with the Plaintiff's contention that he was disabled, it does not address the VA's ratings. Finally, the ALJ refers to the Plaintiff's alleged mental impairments, which were not the subject of the VA's disability rating.

Thus, while the ALJ rejected the Plaintiff's "report" of a 100% VA disability rating, the ALJ's decision does not reveal that she gave any weight to the VA's rating decision. Indeed, after the only reference to the specific ratings determinations by the VA, the ALJ

simply said they were not binding. *See Gonz v. Comm'r of Soc. Sec.*, 2013 WL 4494313, at *4 (M.D. Fla.) (noting that such a statement, without any meaningful evaluation of the VA's decision, suggests that the ALJ believed she "was entitled to ignore the VA's decision or did not think an evaluation thereof was required"). Therefore, the Court is unable to conclude that the ALJ properly considered the VA disability rating in making her own determination. *See, e.g.*, *Burch-Mack v. Comm'r of Soc. Sec.*, 2016 WL 4087477, at *4-5 (M.D. Fla.); *cf. Boyette*, 605 F. App'x at 779 (holding there was "no indication that [the ALJ] failed to give the VA's determination great weight or consideration" where she "scrutinized the VA's decision and explained in detail why it was not entitled to controlling weight"); *Adams*, 542 F. App'x at 857 ("[A]lthough the ALJ did not expressly state that he gave 'great weight' to the VA's rating, the record shows that he expressly considered and closely scrutinized it.").

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Plaintiff's case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

**SO ORDERED**, this 18th day of August, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
